[Civ. No. 88.   Second Appellate District.—November 28, 1905.]

# LOS ANGELES PRESSED BRICK COMPANY, Appellant, v. LOS ANGELES PACIFIC BOULEVARD AND DEVELOPMENT COMPANY et al., Respondents.

Mechanics' Liens—Foreclosure by Materialman—Notice to Owner —Amount Due Contractors—Sufficiency of Complaint.—A complaint by a subcontractor to foreclose a lien against the owner, which is in the usual form, and sets forth that at the time of the statutory notice given to the owner by plaintiff the sum of $4,000 was yet unpaid to the contractors, sufficiently states a cause of action; and a demurrer thereto was improperly sustained.

Id.—Unnecessary Averments Against Contractors—Nonpayment— Notice—Facts Presumptively Known.—Where no judgment was sought against the contractors, the complaint need not allege that

when notice was given to the owner anything was due and unpaid to plaintiff from the contractors; and no statutory notice being required to be given to the contractors, none need be averred; nor need the complaint aver any facts as against the contractors, which are presumptively within their knowledge.

ID.—OTHER CLAIM UPON FUND NOT PRESUMED.—It was not necessary for the complaint to allege that no one else has a claim upon the alleged fund unpaid by the owner to the contractors. If any other party also claims the same fund, it will be time enough to determine it, when set up in some appropriate manner. Without its being set up, the court should not presume that it exists, nor is the court, upon mere demurrer to the complaint, to act upon the theory that there may possibly be any such claim.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Munson & Barclay, for Appellant.

Charles L. Batchelder, R. H. F. Variel, and Barstow & Variel, for Respondents.

GRAY, P. J.—The action is to foreclose a mechanic's lien. The defendant's demurrer to the complaint was sustained, and from the judgment which followed the plaintiff appeals.

The complaint shows that plaintiff furnished materials to defendant Leonard, subcontractor under Brown & Alcorn, contractors, to be used, and which were used, in the construction of the building belonging to defendant corporation, the Los Angeles Pacific Boulevard and Development Company. The complaint is in the usual form in such cases, and sets forth that at the time the statutory notice was given by the plaintiff to the owner $4,609 was yet unpaid to the contractors, Brown & Alcorn, but contains no allegation that anything was due and unpaid from the contractors to the subcontractor at the time this notice was given; and it is claimed that for this reason alone the complaint is fatally defective, and that the demurrer was therefore properly sustained.

We do not think this contention can be upheld. The plaintiff is not asking for a personal judgment against the contractor. All he seeks is to enforce his claim upon and against a certain fund which he in effect alleges to be in the hands of the defendant. owner of the building. It is

not necessary for plaintiff to allege or show that no one else has a claim upon that fund. If any other party also claims the same fund, it will be time enough to determine that claim when it is set up by the claimant in some appropriate manner. Without its being set up the court should not presume that it exists, nor is the court, upon a mere demurrer to the complaint, to act upon any theory that there may possibly be any such claim. The complaint shows the existence of this unpaid balance in the hands of the owner, and that plaintiff has a claim against it that he is entitled to enforce by the foreclosure of a lien given him by statute, and this is all that is necessary to constitute a cause of action. Nor can there be any possible reason for the claim of the contractor here made that the complaint is not as certain as it ought to be in this respect. Greater certainty in a complaint is required only where something necessary to constitute a cause of action cannot be thoroughly understood from the language used, and the defendant desires more accurate information. Does not the contractor defendant know whether he has a claim against the fund or not? And why does he demand more accurate information as to a matter which must from the nature of things be peculiarly within his own knowledge? Why, also, does he demand that a claim of his that he has never yet made should be negatived in the complaint of a party that presumptively knows nothing of its existence? There is no requirement that any notice shall be given the contractor, and hence no necessity to allege any such notice in the complaint. As the case is presented to us, the decision of any further question would be mere dictum, not binding in this or any other case. We cannot properly determine the effect of the payment of the subcontractor by the contractor until we know that such payment has been made.

The judgment is reversed, with directions to overrule the demurrer and permit the defendants to answer.

Smith, J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 23, 1905, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on January 24, 1906.